WILLIAM C. MILLER

*v.*

IRA M. HARRISON.

On a motion for an injunction to prevent an administrator from settling his final account in the orphans court, it was alleged that complainant, together with three other creditors, had presented his claim to the administrator under the usual order limiting the time for such presentation to nine months. The estate was afterwards found to be insolvent, and the intestate's lands sold under insolvent proceedings. At a subsequent meeting of all the creditors, an equal division of the assets was agreed on, and each creditor received about forty-one per cent. of his demand. Complainant claims that the administrator concealed from him the priority over the other creditors, which he had acquired by his diligence in presenting his claim. No actual fraud is imputed to the administrator, who asserts that he acted under the advice of his counsel and the surrogate. Preliminary injunction granted, but the question as to the duty of the administrator, under the circumstances, held, in order that it may be determined after the evidence has been taken.

---

Bill for relief. Motion for injunction. On bill and answer and affidavits.

*Mr. J. O. Clark,* for the motion.

*Mr. J. W. Taylor,* contra.

Miller v. Harrison.

THE CHANCELLOR.

The bill is filed to restrain the defendant from proceeding to settle his final account as administrator of the estate of John C. Johnson, deceased, in the orphans court of Essex county, and to compel him to pay to the complainant 'the balance of the claim of the latter against the estate. The complainant was a creditor of the estate. The defendant took the usual order to limit creditors, and the complainant duly presented his claim within the period limited (nine months). The estate was subsequently declared insolvent, and the intestate's land sold under the decree of insolvency. From that point the regular course of proceedings was suspended, and a settlement of the estate and distribution of the assets were made outside of them.

In the settlement and distribution, the fact that none of the creditors except the complainant and three others had filed their claims within the nine months, was ignored. The reasons for adopting this method do not so clearly appear as to justify the withholding of the injunction, and it does not seem proper to adjudicate finally on the case in the light of the pleadings only. It is alleged that threatened litigation of great importance was among those reasons. It appears that the creditors (the complainant among them) met together after the expiration of the nine months, and agreed to the settlement which was made. It also appears that they received about forty-one per cent. of their claims; a large sum of money being so distributed.

It is alleged by the defendant that the complainant was actively instrumental in bringing about the meeting of the creditors, and participated in the proceedings thereat and concurred in the action which was resolved upon and which resulted in the distribution of the assets among all the creditors.

The ground of the claim to relief is, that the defendant is chargeable with having concealed from the complainant the fact that the latter had, by his superior diligence in putting in his claim, obtained a preference in the payment of his

debt over those who had not done so. No actual fraud is imputed to him, and there does not appear to be any ground for such an imputation. It must have been a matter of indifference to him, personally, whether the assets were distributed to the creditors who had proved their claims within the nine months alone, or among all the creditors. He appears to have been actuated by a desire to do what was best for all the creditors, and he acted, he says, at the suggestion of the surrogate and under the advice of counsel, and the object was to settle the estate speedily and to the best advantage.

The complainant does not appear to have made any inquiry of the defendant as to the amount of claims put in within the time limited, and it is not alleged that the defendant made any statement to him on the subject. It remains to be seen whether, under the circumstances, as the facts may be developed, the latter was under any obligation to notify the former of the priority which he had obtained by putting in his claim.